841 F.2d 1126
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eanos HUNT, Plaintiff-Appellant,
v.
Gary LIVESAY, Warden; Rex Lowe, COI; Sgt. Don Dunaway;
Charles Brymer; Joe Curtis; Donald Brock; and
Donita Gothard, Defendants-Appellants.
 No. 87-5367.
 United States Court of Appeals, Sixth Circuit.
 March 8, 1988.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff, Eanos Hunt, is an inmate at the Southeastern Tennessee State Regional Correctional Facility. On October 10, 1986, Hunt was charged with a disciplinary infraction; however, the charge was subsequently dismissed. Notwithstanding the dismissal, the Disciplinary Board recommended a prison job change for Hunt. It is plaintiff's claim that due process requires a separate hearing before a job change can be ordered. Hunt predicates the claim upon guidelines adopted by the Tennessee Department of Corrections relating to the circumstance under which a hearing will be required. The defendant argues that the guidelines are either inapplicable or, if applicable, not mandatory. The district court dismissed the claim as frivolous and this appeal followed. We reverse and remand.
 
 
 2
 Although plaintiff was found not guilty of a charged rules infraction, he nonetheless appealed from his disciplinary hearing determination since the Board recommended a job change for him. Upon review of this appeal, Warden Livesay concluded: "In reviewing the appeal, it would appear the Board's recommendation for a job change may have been warranted, however, I feel that recommendation requires review by an impartial board. Therefore, Sgt. Dunaway will initiate a due process report for a job change." Disciplinary Report Appeal, October 24, 1986.[1]
 
 
 3
 When inquiry was made by this court,[2] the defendants' only response was that Hunt did not desire further proceedings. Since this entire appeal concerns Hunt's insistence upon further proceedings, we are unable to accept the defendants' explanation.
 
 
 4
 Since the warden, charged with the day-to-day administration of the prison pursuant to the established guidelines concluded that a hearing was required, we find it unnecessary to further interpret the rules. Accordingly, we reverse and remand with instructions to the district court to further remand the case for the purpose of holding the hearing ordered by the warden.[3]
 
 
 
 [1]
 Although this report was found in the record, it was not included by the defendant in the appendix
 
 
 [2]
 The panel requested a written explanation from the defendants as to why the warden's instructions were not followed
 
 
 [3]
 We realize that when cases of this nature involve incarcerated pro se litigants, the mere passage of time may have brought changes in the status of the inmate of which we are not aware. Our order of remand should not be construed to require the district court to take an action which time and circumstances may have rendered meaningless